IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIELLE VAN GORDEN,

    Plaintiff,

v.                                                                                                No. 1:25-cv-00713-KG-LF

KIRTLAND AIR FORCE BASE,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff alleges:

> Plaintiff was unfairly told they could not be on Maxwell housing of Kirtland Air Force Base for the reason of losing their job. The defendant's security police had illegally taken away the plaintiff's base pass despite plaintiff having a lease on Maxwell housing and they completely disregarded the plaintiff's Power of Attorney for the plaintiff's veteran father without nullifying the Power or [sic] Attorney in court. defendant didn't allow plaintiff additional time to move from the housing base and required the plaintiff to move immediately leaving the plaintiff homeless temporarily. This rendered the plaintiff unable to take care of their parents who still reside in the Maxwell Housing base.

Complaint for a Civil Case at 4, Doc. 1, filed July 28, 2025 ("Complaint"). Plaintiff asserts civil rights claims against Defendant. *See* Complaint at 3.

United States Magistrate Judge Laura Fashing identified the following deficiencies in the Complaint:

> First, it appears this case should be dismissed because Plaintiff has not shown that the Court has jurisdiction over her claims against Kirtland Air Force Base. "The United States is immune from suit unless Congress has expressly waived its sovereign immunity." *High Lonesome Ranch, LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023) (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)).
>
>> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." [*F.D.I.C. v.*] *Meyer*, 510 U.S. [471,] at 475. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Id. (internal quotation marks omitted). "A waiver of the

> Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).
>
> Thus, "jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Speidell v. United States*, 978 F.3d 731, 745–46 (10th Cir. 2020) (brackets and internal quotation marks omitted). Additionally, "[a] suit against a [federal] government agent in his official capacity is treated as a suit against the government." *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015).

*Clark v. Haaland*, 2024 WL 4763759 *7 (10th Cir.). Plaintiff has not identified any authority showing that the Federal Government unequivocally waived its sovereign immunity for the acts alleged in this case.

Second, it appears the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). . . .

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted). Plaintiff's vague, conclusory allegations regarding Defendant illegally

confiscating Plaintiff's base pass and requiring Plaintiff to immediately move from the base, without supporting factual allegations, are not sufficient to state a claim. Furthermore, Plaintiff has not identified the legal rights she believes Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Order to Show Cause at 3-4, Doc. 5, filed July 31 2025. Judge Fashing ordered Plaintiff to either show cause why the Court should not dismiss this case or file an amended complaint and notified Plaintiff that failure to timely show cause or file an amended complaint may result in dismissal of this case. Plaintiff did not show cause, file an amended complaint or otherwise respond to the Order to Show Cause by the August 21, 2025, deadline.

The Court dismisses this case without prejudice for lack of jurisdiction, for failure to state a claim upon which relief can be granted and based on Plaintiff's failure to comply with the Order to Show Cause. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.